UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                            Case No. 2:14-cr-20609

v.                                       HONORABLE STEPHEN J. MURPHY, III

D-2 ANGELIQUE FERNANDEZ,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION TO APPORTION RESTITUTION (document no. 59)

Defendant Angelique Nelson (formerly Angelique Fernandez) pleaded guilty to 18 U.S.C. § 4 (Misprision of a Felony). The Court sentenced her to probation and ordered her to pay $146,700 in restitution. Nelson filed a motion asking the Court to apportion restitution. For the reasons below, the Court will deny the motion.

## BACKGROUND

After Donald Fernandez committed bank larceny and stole $146,700, Angelique Nelson failed to notify an authority as soon as possible, went on a two-week trip funded by the stolen money, and took other steps to conceal the crime. Plea Agreement, ECF No. 38. Later, Nelson pleaded guilty to 18 U.S.C. § 4 (Misprision of a Felony). Judgment, ECF No. 56. The Court imposed joint and several liability for restitution on Donald Fernandez and Angelique Nelson for $146,700. *Id.* Nelson's motion to apportion restitution followed.

## LEGAL STANDARDS

Under the Mandatory Victims Restitution Act, the Court must award restitution to identifiable victims of fraud. 18 U.S.C. § 3663A. The Act defines a victim as "any person directly harmed by the defendant's criminal conduct in the course of the scheme,

conspiracy, or pattern." *Id.* at § 3663A(a)(2). But "[i]n cases involving multiple defendants, § 3664(h) explicitly gives district courts discretion as to whether they should apply joint and several liability or whether liability should be apportioned among the defendants based on their economic circumstances and their respective contributions to the victims' losses." *United States v. Bogart*, 576 F.3d 565, 575 (6th Cir. 2009) (quotations omitted). "Further, while the district court has the option under § 3664(h) to apportion the restitution payment among defendants, a district court is not required to do so." *Id.* at 576.

## DISCUSSION

Nelson argues that the Court should reduce her liability for restitution because Donald Fernandez — not Angelique — controlled $80,000 of the stolen money. Nelson claims that Donald Fernandez buried the $80,000 outside of his house. The money subsequently disappeared and Nelson now denies knowledge of what happened to the money.

The Court reluctantly concludes that Nelson's asserted lack of knowledge about the whereabouts of the cash does not provide the Court a reasonable basis for apportionment. Recognizing that a restitution order causes financial hardship, the facts remain that Nelson participated in the scheme, helped spend $66,700 of the stolen money, and helped conceal the crime. She participated and is jointly and severally liable for the entire harm caused to the victim.

Nelson's reliance on her polygraph examination is unavailing. During the examination, the polygrapher asked Nelson "Do you know for sure who dug up that money?" Report, ECF 59-3. According to the polygrapher, Nelson showed no signs of deception when she answered "No." *Id.* As an initial matter, the qualifier "for sure" in the question makes Nelson's response ambiguous at best. But more important, regardless of whether she

knows if Donald or someone else or even the anonymous third-party cash purchaser of Nelson's home recovered the $80,000, Nelson contributed to the crime and is responsible for the harm caused to the victim. And Nelson has not offered the Court any indication that, before the money disappeared, she planned on returning the stolen $80,000, rather than spending it as she spent the $66,700.

Nelson has not shown that her economic circumstances should change her liability for restitution. Her earning potential will likely increase; she aspires to become a registered nurse and already has taken some classes to achieve that goal. The Court finds that Nelson's financial circumstances do not justify an apportionment of restitution.

In sum, Nelson has not shown the Court a reasonable basis for apportionment. Joint and several liability is appropriate, and accordingly, the Court will decline to exercise its discretion to apportion restitution.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Apportion Restitution (document no. 59) is **DENIED**.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: December 22, 2016


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2016, by electronic and/or ordinary mail.

        s/David P. Parker
        Case Manager